```
                                                    FILED
                                                    JAN 30 2014
         UNITED STATES DISTRICT COURT
         FOR THE DISTRICT OF COLUMBIA             Clerk, U.S. District & Bankruptcy
                                                  Courts for the District of Columbia
```

William Scott Hames,                )
                                    )
        Plaintiff,        )
                                    )
v.                                  )   Civil Action No. 13-1665 (UNA)
                                    )
The United States of America,       )
                                    )
        Defendant.        )

## MEMORANDUM OPINION

This matter is before the Court on its initial review of the plaintiff's *pro se* action captioned "Complaint and Motion for Declaratory Judgement With Demand for Trial By Jury" (hereafter "Compl.") and his application to proceed *in forma pauperis*. The application will be granted and the complaint will be dismissed pursuant to 28 U.S.C. § 1915A (requiring dismissal of a prisoner's complaint upon a determination that the complaint fails to state a claim upon which relief can be granted).

The plaintiff, a prisoner at the Federal Correctional Institution in Ashland, Kentucky, alleges that the United States "obtained a two count federal indictment against [him] when the indictment lacks a sufficient nexus to the essential element of the 'Commerce Clause' . . . ." Compl. at 1. The complaint constitutes a challenge to the plaintiff's conviction entered by the United States District Court for the Northern District of Georgia. *See United States v. Williams*, 59 F.3d 1180, 1182 (11th Cir. 1995) (the plaintiff and co-defendant Richard Williams were convicted of attempted possession with intent to distribute marijuana).

"[I]t is well-settled that a [person] seeking relief from his conviction or sentence may not bring [actions for injunctive and declaratory relief]." *Williams v. Hill*, 74 F.3d 1339, 1340 (D.C.

Cir. 1996) (per curiam) (citations omitted). Rather, such relief is available via a motion to vacate sentence under 28 U.S.C. § 2255. *See Taylor v. U.S. Bd. of Parole,* 194 F.2d 882, 883 (D.C. Cir. 1952) (stating that a motion to vacate under 28 U.S.C. § 2255 is the proper vehicle for challenging the constitutionality of a statute under which a defendant is convicted); *Ojo v. I.N.S.,* 106 F.3d 680, 683 (5th Cir. 1997) (explaining that the sentencing court is the only court with jurisdiction to hear a defendant's complaint regarding errors that occurred before or during sentencing). Section 2255 has its limitations, which the plaintiff apparently has reached. *See United States v. Hames,* 431 Fed. Appx. 846 (11th Cir. 2011) (affirming dismissal of the plaintiff's successive motion to vacate). Since the plaintiff cannot challenge his conviction in this Court, this case will be dismissed for failure to state a claim upon which relief can be granted.[1]

/s/ Reggie B. Walton
United States District Judge

Date: January 27, 2014

---

[1] A separate order accompanies this Memorandum Opinion.